IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICO LATRELL BURNETT,

    Petitioner,

v.                                                Civil Action No. 2:16-cv-177

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Rico Latrell Burnett's ("Burnett") Petition for a Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 5. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and Burnett's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2005, Trooper Bowers observed Burnett driving at a high rate of speed and attempted to initiate a traffic stop. ECF No. 7 at 10. Burnett fled at even higher rates of speed,

1

*Id.* at 17, and after crashing into a private residence, continued to flee on foot, ECF No. 1 at 5. Trooper Bowers chased Burnett until Burnett fell face-first to the ground with his arms underneath him. ECF No. 7 at 10. Burnett ignored Trooper Bowers' directive to put his hands out. *Id.* at 18. Burnett got off the ground and limped away, allowing Trooper Bowers to catch up to him. ECF No. 1 at 6. Burnett was facing at least partially away from Trooper Bowers when Trooper Bowers pepper sprayed Burnett. *See id.* at 6; ECF No. 7 at 12. Burnett then fired a handgun at Trooper Bowers from two feet away, striking him high in the chest, puncturing a lung and lacerating his liver. ECF No. 7 at 13, 18. Trooper Bowers attempted to knock the handgun out of Burnett's hand, and Burnett shot Trooper Bowers again in the leg. *Id.* at 13.

A jury trial was held in the Hampton Circuit Court on August 22-23, 2006. ECF No. 1 at 2. During voir dire, when the potential jurors were told that Burnett was not required to present any evidence, venireman KJ stated "I think I can be fair, but I don't know" "because he maintained an opinion that both sides should tell the story." *Id.* at 27. The judge then explained why Burnett did not need to present any evidence and KJ said he could be fair and give an impartial trial to both sides. ECF No. 7 at 23. KJ was not struck for cause and was selected as the jury's foreman. ECF No. 1 at 27.

Burnett offered evidence at trial that he suffered from asthma in the past and was possibly suffering from an asthma attack after being chased by Trooper Bowers. *Id.* at 6, 20. In support, Burnett presented an expert who testified that pepper spray creates "a tendency to fight or flight and to try to do whatever you can to stay alive" and that "[a] person with a pre-existing condition would be at risk of an aggravated reaction." *Id.* at 7. However, the expert admitted that the effects of pepper spray were not his area of expertise, he had not prepared a report on the case, had not done any research on pepper spray, had never been exposed to pepper spray, had never

2

observed someone exposed to pepper spray, and had not examined Burnett after he was pepper sprayed. ECF No. 7 at 18-19. Burnett never testified on his own behalf during the trial. ECF No. 1 at 29-31.

At the close of the trial, the jury was instructed Burnett could be convicted of attempted capital murder if they found that he attempted to kill Trooper Bowers and that the attempted killing was malicious, willful, deliberate, and premeditated. ECF No. 7 at 14. However, the jury was told that if they found the attempted killing was malicious, but not willful, deliberate, and premeditated, they should convict Burnett of attempted second degree murder. *Id.* Moreover, the jury was instructed that every attempted murder is presumed to be attempted second degree murder and that Burnett could not be convicted of attempted capital murder unless they found the attempted killing was premeditated. *Id.* Likewise, the instructions included that if the jury had doubt as to whether to convict Burnett of attempted capital murder or attempted second degree murder, it should convict him of attempted second degree murder. *Id.* Lastly, the jury was told malice could be inferred from the deliberate use of a deadly weapon and that:

> Heat of passion excludes malice when that heat of passion arises from provocation that reasonably produces a reasonable state of mind such as hot blood, rage, anger, resentment, terror or fear so as to demonstrate an absence of deliberate design to kill, or to cause one to act on impulse without conscious reflection.

*Id.* at 14-15.

Furthermore, the jury was instructed that Burnett could be found guilty of felony eluding if they found that he "disregard[ed] a signal by a law enforcement officer to stop his motor vehicle and then attempted to escape or elude the operation of the law enforcement vehicle or endanger other property or person." ECF No. 1 at 25-26.

3

The jury found Burnett guilty of (1) attempted capital murder of a police officer; (2) use of a firearm in an attempted capital murder; (3) hit and run; (4) possession of marijuana; (5) reckless driving; and (6) felony eluding. ECF No. 1 at 2. Burnett was formally sentenced on November 20, 2006. ECF No. 7 at 25. The court considered Burnett's extensive criminal history and ultimately sentenced him to seventy-five years for attempted capital murder of a police officer, three years for use of a firearm in the attempted capital murder, seven years for hit and run, thirty days for possession of marijuana, twelve months for reckless driving, and five years for felony eluding. *Commonwealth v. Burnett*, No. CR05000923-00 (Va. Cir. Ct. Nov. 20, 2006). Burnett is currently confined pursuant to this sentence. ECF No. 1 at 1.

Burnett appealed to the Court of Appeals of Virginia on March 30, 2007. *Id.* at 3; *see generally* Petition for Appeal, *Burnett v. Commonwealth*, No. 3050-06-1 (Va. Ct. App. Mar. 30, 2007). Burnett argued the trial court erred in (1) failing to grant Burnett's motion to strike the Commonwealth's evidence and in convicting Burnett of attempted capital murder; (2) failing to order a mistrial when the prosecutor said in response to a hearsay objection, "'I don't know what they are afraid of hearing, Your Honor'" and that the Court's admonishment to the jury was insufficient to correct any prejudice; (3) failing to recognize that Burnett's statement at allocution that Trooper Bowers had requested money from Burnett in exchange for a lighter sentence for Burnett possibly compromised the integrity of Burnett's trial and that the "ends of justice" exception applied; and (4) admitting multiple photographs of the crime scene into evidence and that "the ends of justice" exception applied. Pet. for Appeal at 4-5, 16-18.

On July 12, 2007, the Court of Appeals denied Burnett's appeal in a *per curiam* decision on the merits. Regarding the first issue, the Court of Appeals found the trial court did not err in convicting Burnett, because shooting Trooper Bowers "twice from close range" was sufficient

4

evidence to find the premeditation necessary to convict Burnett of attempted capital murder. *Burnett v. Commonwealth*, No. 3050-06-1 (Va. Ct. App. July 12, 2007). The Court found the trial court did not err concerning the second issue because the argument was not raised at trial and the jury was presumed to have "followed an explicit cautionary instruction promptly given" in response to the statement. *Id.* The Court did not consider the third issue because it was not raised at trial, and "the record [did] not reflect any reason to invoke the good cause or ends of justice exception." *Id.* The Court also did not consider issue four, because Burnett's petition failed to "cite to the pages of the trial transcript where this issue was preserved." *Id.*

Burnett filed a petition for a three-judge panel on July 25, 2007. Appellant's Demand for Three-Judge Review at 1, *Burnett v. Commonwealth*, No. 3050-06-1 (Va. Ct. App. July 25, 2007). The Court denied the petition on September 18, 2007, reiterating the reasoning from the July 12, 2007 *per curiam* decision. *Burnett v. Commonwealth*, No. 3050-06-1 (Va. Ct. App. Sept. 18, 2007).

On June 6, 2008, the Supreme Court of Virginia affirmed the Court of Appeals' decision on the first three issues but remanded the fourth issue to the Court of Appeals. *Burnett v. Commonwealth*, No. 072127 (Va. June 6, 2008). The Court of Appeals denied Burnett's petition, *per curiam*, on August 8, 2008, reasoning that an objection to the aforementioned photographs was not made at trial, and Burnett did not "reveal any reason to invoke the 'good cause' or 'ends of justice' exceptions." *Burnett v. Commonwealth*, No. 3050-06-1 (Va. Ct. App. Aug. 8, 2008) (*per curiam*). Burnett neither demanded a three-judge panel nor timely filed a notice of appeal. ECF No. 1 at 3.

Burnett filed a habeas claim in the Hampton Circuit Court for delayed appeal only, pursuant to Virginia Code § 8.01-654(B)(2), which was granted on February 9, 2010. *Id.* The

Hampton Circuit Court directed the Commonwealth to file a motion with the Court of Appeals, so that Burnett could file a delayed demand for review by panel. ECF No. 7 at 2. Ultimately, the delayed appeal was denied on August 6, 2010, by the Court of Appeals which cited the reasoning of the August 8, 2008 decision. ECF No. 1 at 3; *Burnett v. Commonwealth*, No. 3050-06-1 (Va. Ct. App. Aug. 6, 2010); *Burnett*, No. 3050-06-1. On February 23, 2011, the Supreme Court of Virginia denied Burnett's subsequent petition for appeal "[u]pon review of the record . . . and consideration of the argument submitted." *Burnett v. Commonwealth*, No. 101693 (Va. Feb. 23, 2011).

Burnett filed a habeas petition in the Hampton Circuit Court on February 22, 2012, alleging five claims ineffective assistance of counsel. ECF No. 1 at 4-5. Burnett alleged trial counsel was ineffective for failing to (A) request or argue a jury instruction on unlawful wounding, a lesser-included offense of the attempted capital murder charge; (B) object or seek to correct the jury instruction for felony eluding, which did not state that the behavior must be "willful and wanton" in accordance with Virginia Code § 46.2-817(B); (C) move to strike for cause KJ when he expressed uncertainty as to whether he could be fair in hearing the evidence; (D) call Burnett to testify on his own behalf, despite his alleged request; (E) present mitigating evidence that Trooper Bowers believed Burnett did not deserve more than twenty years in prison; (F) provide effective counsel collectively as a result of the matters set forth in claims A through E. *Id.* at 8-9.

A motions hearing was held on October 21, 2013, and an order denying the petition on the merits was entered on May 18, 2015. *Id.* at 4. In regards to Claim A, the Hampton Circuit Court determined that Burnett's counsel was not ineffective because even if counsel had requested or argued for the unlawful wounding instruction, the outcome likely would not have

changed, because "[t]he evidence was overwhelmingly against heat of passion and unlawful wounding." ECF No. 7 at 13. Burnett shot Trooper Bowers twice from a close distance; therefore it was "clear petitioner's shooting of the trooper was premeditated" and therefore "reasonable for the jury to conclude . . . [Burnett] had formed the intent to kill the trooper." *Id.* In rejecting Claim B, the Hampton Circuit Court held that counsel was not ineffective because even if the "willful and wanton" language was included in the felony eluding jury instruction, Burnett would have still been convicted since "defense counsel conceded [Burnett's] guilt on this charge and the evidence of willful and wanton disregard is overwhelming." *Id.* at 19-20.

Moreover, the Hampton Circuit Court rejected Claim C, reasoning that venireman KJ was fit for jury service, *Id.* at 22, and even if the motion to strike KJ was made, it could have been denied because he ultimately told the Court he could be fair in hearing the evidence. ECF No. 1 at 27. In rejecting Claim D, the Circuit Court reasoned counsel was not ineffective because there was sufficient evidence against Burnett to support the jury's verdict even if he had testified. ECF No. 7 at 24. The Hampton Circuit Court also denied Claim E because Trooper Bowers submitted an affidavit in response to Burnett's state habeas petition, which stated that he never intended to testify that Burnett only deserved twenty years in prison and that he did not pursue a deal with Burnett to testify at his sentencing, but that Burnett's counsel approached him about the deal, and Trooper Bowers notified the prosecutor who rejected it. *Id.* at 25, 27; attach. 1. Lastly, the Hampton Circuit Court rejected Claim F reasoning that because "the individual allegations are without merit, [Claim F] is also without merit." *Id.* at 27. On August 20, 2015, Burnett appealed the Hampton Circuit Court order to the Supreme Court of Virginia raising the same six grounds, but on January 12, 2016, Burnett's petition for appeal was denied. *Burnett v. Clarke*, No. 151268 (Va. Jan. 12, 2016).

By counsel, Burnett filed the instant Petition for federal habeas relief on April 12, 2016, where he raised the same grounds alleged in his state habeas petition. ECF No. 1 at 1. Burnett also requested the Court hold an evidentiary hearing for Claims A and E. *Id.* at 24, 35. On July 21, 2016, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a Brief in Support of the Motion to Dismiss. ECF Nos. 5-7. Burnett filed a Reply on August 12, 2016. ECF No. 8. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia refused Burnett's petition for appeal on February 23, 2011. Burnett's time for filing a writ of habeas corpus in this Court began on May 24, 2011, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Burnett had until May 24, 2012, or one year after the expiration of his opportunity to seek direct review, to file his habeas petition in this Court, absent any tolling. Burnett filed his state habeas petition on February 22, 2012, 274 days after the federal habeas statute of limitations began to run. His state habeas petition tolled the federal habeas statute of limitations for 1420 days, calculated from the date Burnett's state habeas petition was filed, to January 12, 2016, when the Supreme Court of Virginia dismissed the petition. After the Virginia Supreme Court's dismissal on January 12, 2016, Jones had ninety one days remaining to file his federal habeas petition. Thus, Jones's deadline to file his federal habeas petition was extended to April 12, 2016. Jones filed on April 12, 2016. Therefore, the undersigned **FINDS** that Burnett's Petition is timely.

B. **Exhaustion**

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first

opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Burnett raised all present claims in his state habeas petition before the Hampton Circuit Court and the Supreme Court of Virginia. Additionally, this Court notes that the Respondent conceded that all of Burnett's claims are exhausted. ECF 7 at 3. Accordingly, the undersigned **FINDS** that Burnett has properly exhausted his state remedies.

## C. Ineffective Assistance of Counsel Claims: Claims A, B, C, D, E, and F.

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). The Court independently reviews whether that decision satisfies either standard. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e] [U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e]

[U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Indeed, federal habeas relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786. "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedent. It goes no farther.") (citation omitted). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). Here, as in *Premo*, because there is no allegation that the state courts decided Burnett's state habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams*, 529 U.S. at 413, the relevant exception is "permitting relitigation where the earlier state decision

resulted from an 'unreasonable application of' clearly established federal law." *Premo*, 131 S. Ct. at 739; *see also* 28 U.S.C. § 2254(d)(1).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Burnett had to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984). First, to establish deficient performance, Burnett was required to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Burnett was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding.").

The United States Supreme Court summarized the high bar petitioners face in a federal habeas petition in the context of Sixth Amendment ineffective assistance of counsel claims previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the undersigned now turns to the merits of Burnett's ineffective assistance of counsel claims.

The Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's finding that Burnett failed to satisfy *Strickland*'s demanding standard with respect to Claim A. The Circuit Court found that Burnett's trial counsel did not fall below an objective standard of reasonableness and Burnett was not prejudiced by his trial counsel's actions because even if the unlawful wounding jury instruction had been given, there was sufficient evidence to convict Burnett of attempted first degree murder since "the evidence was overwhelmingly against heat of passion and unlawful wounding." ECF No. 7 at 13. The Supreme Court of Virginia's affirmance was not unreasonable. The jury had a choice between attempted first degree murder and attempted second degree murder, materially distinguishable only on the element of premeditation. *Id.* Burnett engaged Trooper Bowers in a high speed chase at speeds exceeding 100 mile per hour, crashed his vehicle, and attempted to flee on foot. *Id.* at 11-13 (citing to the trial transcript). When confronted by the Trooper, who attempted to subdue him with pepper spray, Burnett drew a handgun he had concealed under his body, pointed it at the Trooper from two feet away, and shot him in the chest. *Id.* Burnett then shot him a second time. *Id.* Because the jury convicted Burnett of attempted first degree murder, the jury had to have found that the attempted murder was willful, deliberate, and premeditated, and therefore not committed in the heat of passion. *See id.* at 15. Since the jury could not convict Burnett of unlawful wounding if it thought the attempted murder was premeditated, it was not unreasonable for the Supreme Court of Virginia to uphold the Hampton Circuit Court's conclusion that Burnett's trial counsel was not ineffective for not requesting an unlawful wounding jury instruction. Moreover, because the jury did, in fact, convict Burnett of capital attempted murder,

13

which necessarily required a finding of premeditation, not heat of passion, there is no reasonable probability that the verdict would have been different if counsel had proffered such an instruction. Therefore, the undersigned **RECOMMENDS** that Claim A be **DISMISSED**.

Likewise, the Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's finding regarding Claim B that Burnett failed to satisfy the *Strickland* standard. The Circuit Court concluded that Burnett's trial counsel did not fall below an objective standard of reasonableness and Burnett was not prejudiced by his trial counsel's actions because the "willful and wanton" language was unnecessary for the felony eluding jury instruction since Burnett's trial counsel "conceded [Burnett's] guilt and the evidence of willful and wanton disregard [was] overwhelming." ECF No. 7 at 19-20. The Supreme Court of Virginia's affirmance was not unreasonable. Burnett engaged in a course of dangerous driving after Bowers attempted to initiate a traffic stop, where he crossed multiple lanes of traffic, reached speeds over 100 miles per hour, lost control of his vehicle, and crashed into a residence. *Id.* at 10-11. At no point did Burnett dispute this. After the accident, Burnett continued to flee on foot. *Id.* at 12. Thus, the Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's holding that no prejudice resulted from the incomplete instruction. Because the Supreme Court of Virginia did not unreasonably affirm the Hampton Circuit Court's application of *Strickland* to Claim B, the undersigned **RECOMMENDS** that Claim B be **DISMISSED**.

The Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's finding that Burnett failed to satisfy the *Strickland* standard for Claim C. The Circuit Court concluded that Burnett's trial counsel did not fall below an objective standard of reasonableness for failing to move to strike venireman KJ since KJ ultimately told the Court he could be fair in hearing the evidence. ECF No. 1 at 27. The Supreme Court of Virginia's

affirmance was not unreasonable. While KJ initially indicated he expected Burnett to tell his side of the story, ECF No. 1 at 27, upon further explanation and questioning by the trial judge the venireman specifically expressed his understanding that Burnett was not required to do or prove anything, that the Commonwealth had the burden of proof, and that he could be fair and impartial, ECF No. 7 at 23. The Supreme Court of Virginia therefore was not unreasonable in affirming the finding that counsel was not deficient in failing to move to strike KJ for cause. Moreover, the Supreme Court of Virginia was not unreasonable in affirming the Circuit Court's finding that Burnett was not prejudiced by his trial counsel's actions when it found that even if the motion to strike had been made, the motion likely would have been denied, because, in light of KJ's statements during voir dire as afore-described, such a motion to strike likely would have been denied. *Id.* Since the Supreme Court of Virginia did not unreasonably affirm the Hampton Circuit Court's application of *Strickland* to Claim C, the undersigned **RECOMMENDS** that Claim C be **DISMISSED**.

With respect to Claim D, the Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's finding. Even if the Court accepts Burnett's allegations that he requested to testify and that his trial counsel's failure to allow him to testify was objectively unreasonable, Burnett was not prejudiced because, as discussed in connection with Claim A, *supra*, there was more than sufficient evidence of premeditation to convict him of attempted capital murder even he had testified. In light of the significant evidence of premeditation, the Supreme Court of Virginia did not unreasonably affirm the Circuit Court's conclusion that Burnett's testimony would not have been enough to sway the jury to acquit him entirely or even convict him of the lesser charge of attempted second degree murder. *Id.* at 24. Because the Supreme Court of Virginia did not unreasonably affirm the Hampton Circuit Court's

application of *Strickland* to Claim D, the undersigned **RECOMMENDS** that Claim D be **DISMISSED**.

Furthermore, the Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's finding that Burnett failed to satisfy *Strickland* with respect to Claim E. The Supreme Court of Virginia's affirmance of the Circuit Court's conclusion that Burnett's trial counsel did not fall below an objective standard of reasonableness for failing to present mitigating evidence from Trooper Bowers that Burnett only should serve twenty years in prison was not unreasonable. Although Burnett contended in his Petition that Bowers repeatedly attempted to pursue a deal that would have resulted in payment to him of $200,000 in exchange for his recommendation that Burnett serve no more than twenty years, ECF No. 1 at 34-35, and that Bowers even passed Burnett's attorneys a note on his way to the witness stand to testify trying to arrange the deal, *Id.* at 32, he proffered no credible evidence of this allegation. Moreover, Bowers produced an affidavit specifically denying it, and declaring that he never pursued a deal with Burnett, did not believe Burnett only deserved twenty years in prison, and would have testified as such if he had been called as a witness during sentencing. *Id.* at 25. Based on the lack of credible support and the Trooper's express disavowal, the Supreme Court of Virginia was not unreasonable in affirming the Circuit Court's finding that counsel was not ineffective for failing to present this purported "mitigating evidence." Additionally, Burnett could not have been prejudiced by his trial counsel's actions because Trooper Bowers would not, in fact, have testified as Burnett alleged. Given that the Supreme Court of Virginia did not unreasonably affirm the Hampton Circuit Court's application of *Strickland* to Claim E, the undersigned **RECOMMENDS** that Claim E be **DISMISSED**.

Lastly, the Supreme Court of Virginia was not unreasonable in affirming the Hampton Circuit Court's finding that Burnett failed to demonstrate how the aggregate prejudices and performance errors from Claims A through E satisfied *Strickland*. The Hampton Circuit Court reasoned that "[s]ince the individual allegations are without merit, [Claim F] is also without merit." *Id.* at 27. Since the undersigned does not find merit for any of the instant Petition's claims, the Supreme Court of Virginia was not unreasonable in reaching this conclusion. As a result, the undersigned **RECOMMENDS** that Claim F be **DISMISSED**.

### D. Burnett's Request for an Evidentiary Hearing

In the instant Petition, Burnett also requested an evidentiary hearing for Claims A and E. ECF No. 1 at 24, 35. Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts that, if true, would entitle him to relief." *Beaver v. Thompon*, 93 F.3d 1186, 1190 (4th Cir. 1996). As discussed in Sec. II.C., *supra*, the additional facts Burnett alleged in support of Claims A and E, even if true, do not entitle him to relief, as his claims are without merit. Therefore, Burnett's request for an evidentiary hearing is **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and Burnett's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Burnett is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. §

17

636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 5, 2016